Case 3:15-cv-01958-L-BF Document 18 Filed 05/31/16 Page 1 of 12 PageID 1157

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAY 31 2016

CLERK, U.S. DISTRICT COURT
By_____
    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICIA ROCHA SHIRSTY, § | |
| Plaintiff, § | |
| v. § | No. 3:15-CV-1958-L (BF) |
| CAROLYN W. COLVIN, Acting § | |
| Commissioner of Social Security, § | |
| Defendant. § | |

## FINDINGS, CONCLUSIONS & RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Patricia Rocha Shirsty ("Plaintiff") brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") final decision denying her claims for disabled widow's benefits and disability insurance benefits under Title II of the Social Security Act pursuant to 42 U.S.C. § 405(g) for the time period prior to March 16, 2012. For the following reasons, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

## BACKGROUND

Plaintiff alleges that she has been disabled since October 23, 2007 due to a variety of ailments, including cystic vercosis in her brain which caused severe epilepsy with electric discharges, depression, anxiety, fibromyalgia, and bipolar disorder. *See* Tr. [ECF No. 11-4 at 29-31, 38]. Plaintiff was born on March 17, 1957. *See id.* [ECF No. 11-9 at 2]. Plaintiff has a high school education and no past relevant work. *See id.* [ECF No. 11-4 at 15]. After Plaintiff's application was denied initially and upon reconsideration, Plaintiff requested a hearing before an administrative law judge ("ALJ"). ALJ Daniel Curran initially found that Plaintiff waived her right to a hearing, because she failed to appear for three scheduled hearings, but found that Plaintiff has been disabled since the age of 55 under Ruling 8368, which states that if a claimant is 55 years old and has no past relevant

work, the claimant is eligible for unskilled work only, and if that claimant has any severe impairments, the claimant is disabled. *See id.* [ECF No. 11-4 at 37-38; 11-5 at 7]. The Appeals Counsel, on its own motion reviewed ALJ Curran's findings and found that it was not supported by substantial evidence and failed to show that Plaintiff was disabled at the age of 55. *See id.* [ECF No. 11-4 at 37; ECF No. 11-6 at 55]. Therefore, upon remand, the ALJ considered whether Plaintiff was disabled since the age of 55 or at an earlier age. *See id.* [ECF No. 11-4 at 37]. Subsequent to the Appeals Council's remand, ALJ Curran held hearings on June 7, 2013 and November 14, 2013 in Dallas, Texas. *See id.* [ECF No.11-4 at 26, 37]. At the June 7, 2013 hearing, ALJ Curran heard Plaintiff's testimony as to why she was disabled prior to her 55th birthday. *See id.* [ECF No.11-4 at 29]. At the November 14, 2013 hearing, the ALJ heard testimony from two medical experts, Dr. Charles M. Murphy and Dr. Jack E. Bentham, and Vocational Expert Suzette Skinner. *See id.* [ECF No.11-4 at 37].

On January 31, 2014, ALJ Curran issued a decision finding that Plaintiff was not disabled prior to March 16, 2012. *See id.* [ECF No. 11-4 at 16]. The ALJ determined that Plaintiff had the following severe impairments: major depressive disorder, recurrent severe, without psychotic features; post traumatic stress disorder; histrionic personality disorder, neurocysticercosis; and migraines. *See id.* [ECF No. 11-4 at 7]. The ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526). *See id.* [ECF No. 11-4 at 8].

The ALJ determined that, prior to March 16, 2012, Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b) with the following

limitations: stand/walk for up to six hours per day and sit for up to six hours per day, with seizure precautions; occasional postural movements; no work with ladders, ropes, or scaffolds; and limited to unskilled simple work. *See id.* [ECF No. 11-4 at 8]. The ALJ also found that Plaintiff had the capacity to: perform the basic mental demands of competitive, remunerative, and unskilled work, including the ability, on a sustained basis, to understand, carry out, and remember simple instructions; make judgments that are commensurate with the functions of unskilled work, such as simple work-related decisions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting. *See id.* [ECF No. 11-4 at 8-9]. The ALJ found that, based on the record, Plaintiff was not precluded from all work activity prior to March 16, 2012 by any impairment. *See id.* [ECF No. 11-4 at 10]. The ALJ stated that Plaintiff has no past relevant work and has no transferable skills from past relevant work. *See id.* [ECF No. 11-4 at 15]. However, the ALJ then stated that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff acquired work skills from past relevant work that are transferrable to other occupations with jobs existing in significant numbers in the national economy. *See id.* [ECF No. 11-4 at 15]. The ALJ concluded that, prior to March 16, 2012, Plaintiff was able to perform the tasks of a housekeeper/cleaner and a dining room attendant. *See id.* [ECF No. 11-4 at 15].

Plaintiff appealed the ALJ's decision to the Appeals Council. *See id.* [ECF No. 11-3 at 2]. On April 30, 2015, the Appeals Council affirmed the ALJ's decision. *See id.* [ECF No. 11-3 at 2]. Plaintiff subsequently filed this action in the district court on June 8, 2015. *See* Compl. [ECF No. 1].

## **LEGAL STANDARDS**

A claimant must prove that he is disabled for purposes of the Social Security Act to be

3

entitled to social security benefits. *Leggett v. Chater*, 67 F.3d 558, 563-64 (5th Cir. 1995); *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Act is "the inability to engage in any substantial gainful activity by reason of any medically-determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled. Those steps are that:

> (1) an individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings;
>
> (2) an individual who does not have a "severe impairment" will not be found to be disabled;
>
> (3) an individual who meets or equals a listed impairment in Appendix 1 of the regulations will be considered disabled without consideration of vocational factors;
>
> (4) if an individual is capable of performing the work the individual has done in the past, a finding of "not disabled" will be made; and
>
> (5) if an individual's impairment precludes the individual from performing the work the individual has done in the past, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); 20 C.F.R. § 404.1520(b)-(f)). The burden of proof lies with the claimant to prove disability under the first four steps of the five-step inquiry. *Leggett*, 67 F.3d at 564. The burden of

proof shifts to the Commissioner at step five of the inquiry to prove that other work, aside from the claimant's past work, can be performed by the claimant. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)).

The Commissioner's determination is afforded great deference. *Leggett*, 67 F.3d at 564. Judicial review of the Commissioner's findings is limited to whether the decision to deny benefits is supported by substantial evidence and to whether the proper legal standards were utilized. *Greenspan*, 38 F.3d at 236 (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." *Leggett*, 67 F.3d at 564. The reviewing court does "not reweigh the evidence, try the issues *de novo*, or substitute" its own judgment, but rather scrutinizes the record as a whole to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

"Absent an error that affects the substantial rights of a party, administrative proceedings do not require 'procedural perfection.'" *Wilder v. Colvin*, No. 3:13-CV-3014-P, 2014 WL 2931884, at *5 (N.D. Tex. June 30, 2014) (quoting *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). "Procedural errors affect the substantial rights of a claimant only when they 'cast into doubt the existence of substantial evidence to support the ALJ's decision.'" *Id.* (quoting *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988)). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Id.* (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)). Further, "[t]he ALJ is not required to discuss every piece of evidence in the record nor must the ALJ follow formalistic rules of articulation." *Hunt v. Astrue*, No. 4:12-CV-44-Y, 2013 WL 2392880, at *7 (N.D. Tex. June 3, 2013) (citing *Castillo v.*

*Barnhart*, 151 F. App'x 334, 335 (5th Cir. 2005)); *see also Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994) ("That [the ALJ] did not follow formalistic rules in his articulation compromises no aspect of fairness or accuracy that this process is designed to ensure.").

## ANALYSIS

Plaintiff argues that the ALJ committed reversible error on the following grounds:

1. the ALJ failed to consider and weigh the opinions of Plaintiff's treating physicians; and

2. The ALJ failed to explain what weight, if any, he gave to examining physician George Mount, Ph.D., who identified mental limitations that are not in the ALJ's RFC finding.

*See* Pl.'s Br. [ECF No. 15 at 17, 22].

Plaintiff contends that the ALJ did not consider and weigh the opinions of her treating physicians, Dr. Ardashes Mirzatuny, Dr. Angel Alberto Ruiz Chow, and Dr. Eduardo D. Briceno Gonzalez. *See id.* [ECF No. 15 at 17]. Plaintiff states that these physicians identified psychological and physical limitations that would have rendered Plaintiff disabled, but the ALJ failed to explain why their opinions were not adopted. *See id.* [ECF No. 15 at 17]. Plaintiff argues that, unless there is controverting first-hand evidence or a showing of good cause, the ALJ is required to weigh these treating physicians' opinions under the six factors set out in 20 C.F.R. § 404.1527(c) ("Section 404.1527(c)"). *See id.* [ECF No. 15 at 17]. Plaintiff argues that Dr. Mirzatuny reported disabling work-related limitations that the ALJ ignored without an explanation. *See id.* [ECF No. 15 at 18]. Plaintiff points out that Dr. Mirzatuny reported that Plaintiff was not capable of maintaining attention and concentration for extended durations, and that Plaintiff would be absent from the work place more than four days each month due to her impairments, symptoms, or treatment. *See id.* [ECF No. 15 at 18]; Tr. [ECF No. 12-6 at 2-5]. Further, Plaintiff points out that Dr. Chow reported that

6

Plaintiff could only sit for two hours and stand or walk for one hour due to fatigue, weakness, and pain, which is inconsistent with the ALJ's finding that Plaintiff could sit for six hours and stand or walk for six hours in an eight-hour workday. *See* Pl.'s Br. [ECF No. 15 at 19]; Tr. [ECF No. 11-4 at 8; ECF No. 12-3 at 3]. Plaintiff also points out that Dr. Chow also stated that Plaintiff's symptoms would result in four or more workplace absences each month. *See* Pl.'s Br. [ECF No. 15 at 19]; Tr. [ECF No. 12-3 at 3]. In addition, Plaintiff states that Dr. Gonzalez stated that Plaintiff's mental impairment began eight years before the March 16, 2012 disability onset date the ALJ found in his decision, and that he also reported that Plaintiff was plagued by suicidal ideation, hallucinations, and delusions and was hospitalized after attempting suicide. *See* Pl.'s Br. [ECF No. 15 at 19].

Plaintiff argues that, by ignoring her treating physicians' opinions, the ALJ erred by failing to evaluate every medical opinion, provide good reasons for the weight given to any treating physicians' opinions, and reconcile his RFC finding with any contradictory treating physicians' statements as required under SSR 96-8p. *See* Pl.'s Br. [ECF No. 15 at 20]. Plaintiff further argues that the ALJ's decision must be remanded for further review of the opinion of her examining psychologist, George Mount, Ph.D., because while the ALJ acknowledged Dr. Mount's report and findings, the ALJ did not indicate what weight, if any, he gave to the psychological limitations that Dr. Mount identified, given that the ALJ failed to explain why those limitations were withheld from his RFC finding. *See id.* [ECF No. 15 at 22].

The Commissioner argues in her Response that the ALJ properly considered Plaintiff's treating physicians' opinions. *See* Def.'s Br. [ECF No. 16 at 3]. The Commissioner points out that the ALJ specifically stated that the RFC was formulated after careful consideration of the entire record, including but not limited to, proper consideration of the opinion evidence, and that he

specifically cited Section 404.1527 and SSR 96-2p. *See id.* [ECF No. 16 at 3]. The Commissioner also points out that Dr. Mirzatuny and Dr. Chow rendered their opinions after March 16, 2012. *See id.* [ECF No. 16 at 4]. The Commissioner further points out that the ALJ specifically noted that Metrocare (Dr. Mirzatuny) stated that Plaintiff would be absent from work more than four days per month. *See id.* [ECF No. 16 at 4]. The Commissioner argues that Dr. Gonzalez did not actually provide an opinion regarding Plaintiff's mental and/or physical limitations, and that the ALJ was not required to discuss every piece of the evidence in the record. *See id.* [ECF No. 16 at 5]. The Commissioner also argues that the ALJ properly assigned great weight to the opinion of medical expert, Dr. Charles Murphy for the time period prior to March 16, 2012. *See id.* [ECF No. 16 at 5]. The Commissioner further argues that the ALJ considered Dr. Mount's consultative examination findings in accordance with the applicable legal standards. *See id.* [ECF No. 16 at 8]. The Commissioner argues that the evidence referenced by Plaintiff in arguing that the ALJ failed to explain the weight given to the mental limitations identified by Dr. Mount were only testing findings and not assessments of her mental functioning. *See id.* [ECF No. 16 at 9]. In addition, the Commissioner points out that the ALJ considered the RFC assessment by state agency psychological consultant Nancy Wilson who considered Dr. Mount's examination, and also that another state agency psychological consultant Mark Schade, Ph.D., concurred with Dr. Wilson's findings. *See id.* [ECF No. 16 at 8-9].

In the Reply, Plaintiff argues that the regulations require more than a mere assurance from the ALJ that he privately considered all of the evidence. *See* Reply [ECF No. 17 at 2]. Plaintiff argues that there is reason to doubt the ALJ's assertion that he carefully considered all the evidence, given the fact that the ALJ stated the names of non-examining consultants Jeanine Kwun, M.D.,

Nancy Wilson, Ph.D., Charles Murphy, M.D., and Jack Bentham, Ph.D., when discussing their opinions, but failed to state Plaintiff's treating physicians' names or the limitations they reported. *See id.* [ECF No. 17 at 3]. Therefore, Plaintiff argues that the ALJ's discussion of some evidence, but not others, suggests that the other evidence not mentioned was overlooked. *See id.* [ECF No. 17 at 3]. Further, Plaintiff argues that, while the Commissioner contends that the ALJ alluded to some of Plaintiff's treating physicians' reports in passing, the regulations require more than a mere reference to a treating source's opinion, and the ALJ is obligated to give reasons for the weight given to those treating sources' opinions. *See id.* [ECF No. 17 at 3]. Plaintiff also argues that while the Commissioner contends that her treating physicians' opinions did not merit consideration because they were issued after March 16, 2012, Dr. Gonzales and Dr. Chow both reported that Plaintiff's limitations began before that date. *See id.* [ECF No. 17 at 4]. Plaintiff further argues that Dr. Mount's report includes medical opinions that should have been reviewed under Section 404.1527, and that the Commissioner cannot delegate the Section 404.1527 analysis to state agency physicians who merely considered Dr. Mount's report. *See id.* [ECF No. 17 at 7-8].

Section 404.1527(c) states in part the following:

(c) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (c)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
(1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
(2) Treatment relationship. Generally, we give more weight to opinions from your treating sources . . . . When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (c)(2)(i) and (c)(2)(ii) of this section, as well as the factors in paragraphs (c)(3) through (c)(6) of this section in determining the weight to give the opinion. We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

    (i) Length of the treatment relationship and the frequency of examination. Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.
    (ii) Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories.
(3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion.
(4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.
(5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.
(6) Other factors. When we consider how much weight to give to a medical opinion, we will also consider any factors you or others bring to our attention, or of which we are aware, which tend to support or contradict the opinion.

20 C.F.R. § 404.1527(c). In *Newton v. Apfel*, the Fifth Circuit stated the following:

> [A]bsent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527[(c)(1)-(6)]. . . . This court [] holds that an ALJ is required to consider each of the § 404.1527[(c)(1)-(6)] factors before declining to give any weight to the opinions of the claimant's treating specialist. The ALJ failed to perform this analysis, which should be conducted on remand.

*Newton v. Apfel*, 209 F.3d 448, 453-56 (5th Cir. 2000).

  Similar to the facts in *Newton*, "[t]his is not a case where there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another." *Id.* at 458. Here, the ALJ rejected the opinions of Plaintiff's treating physician and treating psychiatrist, without existing controverting treating or examining physician

opinions. Therefore, pursuant to *Newton*, the ALJ was required to consider each of the Section 404.1527(c) factors prior to rejecting the treating physicians' opinions. *See Newton*, 209 F.3d at 453-56; *Gittens v. Atrue*, 3:04-CV-2363-L, 2008 WL 631215, at *5 (N.D. Tex. Feb. 29, 2008) ("The court [] finds that the ALJ had a duty to explain why these medical opinions from a treating physician were rejected and to conduct the analysis required by 20 C.F.R. § 404.1527(d)(2) . . . ."). As pointed out by Plaintiff, the treating physicians' findings regarding Plaintiff's limitations conflict with the ALJ's RFC findings. *See* Pl.'s Br. [ECF No. 15 at 18-19]. As further pointed out by Plaintiff, her treating physicians opined that her limitations existed prior to March 16, 2012. *See* Reply [ECF No. 17 at 4]; Tr. [ECF No. 12-3 at 5]. In addition, while the ALJ did not identify the names of the treating physicians, the ALJ specifically stated the names of the state agency consultants whose opinions he considered. Therefore, the Court cannot discern from the record whether the ALJ considered the opinions of the treating physicians Plaintiff references in her brief.

Upon consideration of the foregoing, the undersigned finds that the ALJ's decision is not supported by substantial evidence, because the undersigned is unable to say whether the ALJ would have found that Plaintiff's disability began prior to March 16, 2012 if he gave more weight to Plaintiffs' treating physicians' opinions and conducted an analysis of the Section 404.1527(c) factors. *See Gerken v. Colvin*, No. 3:13-CV-1586-BN, 2014 WL 840039, at *7 (N.D. Tex. Mar. 4, 2014) ("The ALJ's failure to consider the Section 404.1527 factors when rejecting Dr. Callewart's opinions was prejudicial error. It is the ALJ's responsibility to weigh the evidence, and the Court is unable to say what the ALJ would have done had he weighed all relevant evidence of record. . . . Had the ALJ given proper consideration to the treating physician's records and assessment of Plaintiff's ability to engage in work-related activities, the ALJ might have reached a different decision as to

disability.") (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Myers v. Apfel*, 238 F.3d 617, 621-22 (5th Cir. 2001); *Newton*, 238 F.3d at 621-22; *Harris v. Astrue*, No. 3:11-CV-1089-M-BH, 2012 WL 4442303, at *15 (N.D. Tex. Sept.7, 2012))). Because the Court finds that reversal is warranted, the Court pretermits consideration of Plaintiff's alternative ground for reversal as she can raise it before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends that the District Court REVERSE and REMAND the final decision of the Commissioner.

SO RECOMMENDED, this 31 day of May, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).